IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

REBECCA LONG,

        Plaintiff,

v.

MESA DEVELOPMENT SERVICES., d/b/a Strive

        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Rebecca Long ("Plaintiff"), by and through her undersigned counsel, HKM Employment Attorneys, LLP, for her Complaint and Jury Demand against Mesa Development Services d/b/a/ Strive ("Defendant" or the "Company") states and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an employment discrimination case arising from Defendant's decision to rescind Plaintiff's job offer because she disclosed her pregnancy and potential need for accommodation related to same. More specifically, in February of 2020, Plaintiff applied for employment with Defendant. Defendant informed Plaintiff she was being considered for three different position vacancies; a Relief position, a Driving position, and a Direct Support Professional ("DSP"). Plaintiff was qualified to perform all three positions. Because Plaintiff was available to work Monday through Friday, Defendant told Plaintiff she would be the best fit for the DSP position, which had the most hours available out of the three position vacancies. Plaintiff accepted Defendant's offer of employment.

2. On February 26, 2020, Defendant's Human Resources representative and Payroll Coordinator, Lou Nesbit, sent Plaintiff an email reiterating the Company's job offer that Plaintiff had accepted, welcoming Plaintiff to the Company, setting up Plaintiff's on-boarding process, and scheduling a start date for Plaintiff's training and orientation for March 16, 2020.

3. On February 27, 2020, Plaintiff informed Mr. Nesbit that she was receiving an accommodation for her pregnancy at her current job. Within 30 minutes of Plaintiff's disclosure, Defendant rescinded its job offer, specifically referring to Plaintiff's need for accommodation in her current position as the basis for its decision. In other words, Defendant refused to make any effort to determine whether Plaintiff was able to do the essential functions of the position for which he had been hired prior to rescinding Plaintiff's job offer based on myths, fears, and stereotypes. It further failed to assess whether any reasonable accommodations could be provided that would allow Plaintiff to perform her essential job functions at the time it refused to hire Plaintiff.

4. Based on Defendant's above-described violations of state and federal law, Plaintiff seeks redress under Title VII of the Civil Rights Act of 1974, 42 U.S.C. § 2000e, the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401, and the Pregnant Workers Fairness Act, C.R.S. § 24-34-402.3.

**PARTIES AND JURISDICTION**

5. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

6. At all times relevant to this Complaint, Plaintiff has been a resident of Colorado.

7. Defendant Mesa Development Services d/b/a/ Strive is a Colorado nonprofit corporation with its principal office street address at 2445 N 8th Street, Grand Junction, CO 81501.

8. This Court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the events giving rise to this suit occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

10. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

11. Plaintiff filed her Charge of Discrimination Numbers 32A-2020-00704 and E2100009769 with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division ("CCRD"), respectively, against Defendant for retaliation and sex and/or pregnancy discrimination on August 25, 2020. Plaintiff was issued a Notice of Right to Sue with respect to the above Charge Numbers and has filed the instant action within ninety (90) days of receipt of same.

12. Plaintiff has met all administrative prerequisites prior to filing this action.

## GENERAL ALLEGATIONS

13. In February 2020, Plaintiff applied for employment with Defendant.

14. Plaintiff was informed there were three position vacancies that Defendant was considering offering to her: (1) a Relief position (2) a Driving position and (3) a Direct Support Professional ("DSP") position—a position where Plaintiff would be supporting individuals with developmental disabilities.

15. Plaintiff was qualified to perform the essential job functions of all three position vacancies, including the DSP position.

16. Because Plaintiff was available to work Monday through Friday, Defendant decided she would be the best fit for the DSP position, the position that had the most hours available out of the three position vacancies.

17. Plaintiff accepted Defendant's offer of employment as a DSP.

18. On February 26, 2020, Defendant's Human Resources representative and Payroll Coordinator, Lou Nesbit, sent Plaintiff an email reiterating the Company's job offer for the DSP position.  Mr. Nesbit welcomed Plaintiff to the Company, set up her on-boarding process, and scheduled Plaintiff's training and orientation as a new hire.

19. The following day, on February 27, 2020, Plaintiff sent Mr. Nesbit an email informing Defendant she was 23 weeks pregnant and asking whether this would be an issue.

20. Mr. Nesbit responded: "Shouldn't be an issue.  Are you currently on any restrictions[?]".

21. Plaintiff informed Mr. Nesbit that her doctor had put her on a 30-pound lifting restriction at her current position at FedEx, where her job involved continuously lifting heavy boxes into a truck for 5 to 6 hours at a time.

22. Plaintiff also informed Mr. Nesbit that she had an upcoming doctor's appointment on March 4, 2020, and that she would ask her doctor if there were any restrictions that needed to be instituted based on the physical requirements associated with the DSP position—a position that was far less physically demanding than the work she performed at FedEx.

23. Less than 30 minutes after learning of Plaintiff's potential need for accommodation, Mr. Nesbit told Plaintiff via email: "The offer of employment is being rescinded, but please feel free to re-apply for the DSP position once your restrictions are lifted."

24. At no time prior to rescinding Plaintiff's job offer did Defendant discuss the potential of providing Plaintiff with reasonable accommodations or transferring her to one of the other vacant positions for which she was otherwise qualified.

25. As soon as Plaintiff learned that her job offer was rescinded, Plaintiff called and left a voicemail for Mr. Nesbit explaining that the restrictions placed on her while working at FedEx were uniquely tailored to the specific physical demands of that position and would not necessarily be needed while working for Defendant. Defendant did not respond.

26. In the Position Statement Defendant submitted to the Colorado Civil Rights Division concerning Plaintiff's Charge of Discrimination, Defendant conceded it rescinded Plaintiff's job offer due to a supposed "change in her qualifications for the position." Specifically, Defendant claims Plaintiff's lifting restriction in her position at FedEx made her unqualified for the position of a DSP because Defendant "has a policy that no one, regardless of cause, can have a lifting restriction while working as a DSP."

27. Defendant also claims that, even if Defendant had not rescinded Plaintiff's job offer based on its prejudiced view of Plaintiff's pregnancy, it would have rescinded her job offer when it eventually learned that Plaintiff had purportedly "previously abandoned a job at Strive."

28. Each of Defendant's stated reasons for rescinding Plaintiff's offer of employment are mere pretext for discrimination.

29.     More specifically, within approximately one week after Defendant rescinded Plaintiff's offer of employment, on or about March 4, 2020, Plaintiff confirmed with her medical provider that she would have been able to perform the physical requirements of the DSP position with only modest, temporary accommodation associated with pushing 160 – 180 pounds.  In other words, had Defendant engaged in a timely, good-faith interactive process with Plaintiff prior to rescinding its job offer, it would have learned Plaintiff was able to perform the lifting requirements stated in Defendant's DSP job description without accommodation.  Plaintiff would have, at most, required only modest, temporary accommodation as a DSP.

30.     Plaintiff was further qualified to perform the essential job functions of the two other position vacancies Defendant considered offering Plaintiff prior to Plaintiff disclosing her pregnancy and potential need for accommodation.

31.     In addition, Plaintiff did not abandon any offer of employment made by Defendant. Specifically, when Plaintiff received an offer of employment from Defendant in or around 2018, two years prior to the central events at issue in this case, Defendant also informed Plaintiff that she had to obtain a flu shot and a TB screening as part of Defendant's required onboarding process prior to her scheduled start date.  When Plaintiff learned that the earliest appointment available at the medical provider Defendant referred her to was *after* her scheduled start date, Plaintiff called Defendant repeatedly to inform the Company that she was not able to secure a flu shot or TB screening until after her scheduled start date.  Though Plaintiff reached out to Defendant repeatedly regarding this issue, Defendant never responded to Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(Gender and Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978 ("Tile VII"))**

32. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

33. Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and the Pregnancy Discrimination Act prohibit adverse employment actions that are motivated by an employee's gender and prohibit an employer from discriminating against an employee or applicant based on pregnancy, childbirth or related medical conditions.

34. Plaintiff was a pregnant female and Plaintiff was therefore entitled to the protections of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

35. Plaintiff was qualified for the position of Direct Support Professional ("DSP") at the time Defendant decided to rescind her offer of employment.

36. Defendant refused to hire Plaintiff based on Plaintiff's pregnancy and Defendant's prejudiced view that Plaintiff's pregnancy, childbirth or related medical conditions would require Defendant to provide accommodations that nonpregnant applicants and employees would have been entitled to and provided under the law. Defendant's decision to rescind Plaintiff's offer of employment because of Plaintiff's pregnancy was therefore discriminatory and in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

37. Defendant's actions denied Plaintiff equal employment opportunities by subjecting her to different terms and conditions of employment than her male and non-pregnant similarly situated applicants.

38. Upon information and belief, Defendant hired a non-pregnant or male employee to perform the same or similar job responsibilities Plaintiff would have performed as a DSP, had

Defendant not decided to rescind her offer of employment based on her pregnancy and/or potential need for accommodations.

39. Defendant's unlawful and discriminatory practices complained of herein were intentional and engaged in with malice or with reckless indifference to Plaintiff's federally protected rights.

40. As a direct and proximate result of Defendant's unlawful and discriminatory practices described herein, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF
**(Discrimination Based on Gender (Pregnancy) in violation of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401 ("CADA")**

41. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

42. Plaintiff, a pregnant female, was a member of a protected class under CADA, C.R.S. § 24-34-402(1)(a).

43. At all times relevant, Plaintiff was qualified for the position as a Direct Support Professional ("DSP").

44. Defendant rescinded Plaintiff's job offer and refused to hire Plaintiff based on her pregnancy and/or sex. In doing so, Defendant engaged in an unlawful employment practice in violation of CADA.

45. Defendant's actions were intentional and committed with malice or reckless indifference to Plaintiff's rights under CADA.

46. As a direct and proximate cause of Defendant's above-described actions, Plaintiff has suffered damages, including lost wages and benefits, garden-variety emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(Discrimination in Violation of the Pregnant Workers Fairness Act, C.R.S. § 24-34-402.3(1)(a)(III) ("PWFA") – Failure to Hire Due to Reasonable Accommodations)**

47. Plaintiff incorporates by reference all the above paragraphs as though set forth fully and separately herein.

48. Pursuant to C.R.S. § 24-34-402.3(1)(a)(I), employers shall "[p]rovide reasonable accommodations to perform the essential functions of the job to an applicant for employment … for health conditions related to pregnancy or the physical recovery from childbirth, if the applicant … requests the reasonable accommodations, unless the accommodation would impose an undue hardship on the employer's business[.]"

49. On February 27, 2020, Defendant interpreted Plaintiff informing it of a lifting restriction in her current position continuously lifting boxes at FedEx as a request for accommodation of a lifting restriction in the DSP position.

50. Defendant's Position Statement submitted to the CCRD states: "If a person who is currently working as a DSP develops a need for a lifting restriction, that person is immediately moved to a different job position or placed on leave."

51. Defendant's provision of the accommodations of leave or transfer to a different job position creates a rebuttable presumption that those accommodations do not impose an undue hardship. C.R.S. § 24-34-402.3(4)(c)(II). Yet, Defendant refused to provide such reasonable accommodations to Plaintiff and instead chose to rescind Plaintiff's job offer based on her pregnancy and requested accommodation of a lifting restriction from her current position continuously lifting boxes at FedEx.

52. In addition, pursuant to C.R.S. § 24-34-402.3(1)(a)(III), employers shall "[n]ot deny employment opportunities to an applicant or employee based on the need to make a reasonable accommodation related to the applicant's or employee's pregnancy, physical recovery from childbirth, or a related condition[.]"

53. Reasonable accommodations may include, but are not limited to, "limitations on lifting" and "temporary transfer to a less strenuous or hazardous position if available, with return to the current position after pregnancy." C.R.S. § 24-34-402.3(4)(b).

54. Defendant's decision to rescind Plaintiff's job offer and refuse to hire her based on her pregnancy and/or potential need for accommodations constitutes a discriminatory or unfair employment practice pursuant to C.R.S. § 24-34-402.3(5).

55. Defendant engaged in the above-described discriminatory or unfair employment practice with malice or with reckless indifference to Plaintiff's rights under C.R.S. § 24-34-402.3. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other companies from like conduct in the future.

56. As a direct and proximate result of Defendant's above-described discriminatory or unfair employment practices, Plaintiff has suffered damages, including lost wages and benefits,

emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(Discrimination in Violation of the Pregnant Workers Fairness Act, § C.R.S. 24-34-402.3(2) ("PWFA") – Failure to Engage in the Interactive Process)**

57. Plaintiff incorporates by reference all the above paragraphs as though set forth fully and separately herein.

58. Pursuant to C.R.S. § 24-34-402.3(2) "[i]f an applicant … requests an accommodation, the employer and applicant … shall engage in a timely, good-faith, and interactive process to determine effective, reasonable accommodations for the applicant or … for conditions related to pregnancy, physical recovery from childbirth, or a related condition[.]"

59. Defendant failed to engage in the interactive process to determine effective, reasonable accommodations for conditions related to Plaintiff's pregnancy.

60. As a result of Defendant's failure to engage in the requisite interactive process, Defendant rescinded Plaintiff's job offer based on its mistaken, prejudiced belief that Plaintiff was unable to perform the essential functions of the DSP position, or any other position, with or without reasonable accommodation.

61. Defendant's above-described conduct constitutes a discriminatory or unfair employment practice pursuant to C.R.S. § 24-34-402.3(5).

62. Defendant engaged in the above-described discriminatory or unfair employment practice with malice or with reckless indifference to Plaintiff's rights under C.R.S. § 24-34-402.3.

-
-

Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other companies from like conduct in the future.

63. As a direct and proximate result of Defendant's above-described discriminatory or unfair employment practices, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendant and order the following relief as allowed by law:

A. Actual economic damages, as established at trial;

B. Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, and garden-variety emotional distress, pain, inconvenience, mental anguish, and humiliation;

C. Punitive damages, as permitted by law;

D. Attorneys' fees and the costs of this action, as permitted by law;

E. Statutory pre-judgment and post-judgment interest at the highest lawful rate; and

F. Such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 1st day of June, 2021.

**HKM EMPLOYMENT ATTORNEYS LLP**


By: *s/ Shelby Woods*
    Shelby Woods (48606)
    Claire E. Hunter (39504)
    HKM Employment Attorneys LLP
    730 17th Street, Suite 750
    Denver, Colorado 80202
    swoods@hkm.com
    chunter@hkm.com
    *Attorneys for Plaintiff Rebecca Long*